UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMIE E. EVANS,

        Plaintiff,

  v.                                        Case No. 17-C-1435

PATRICK A. MAHONEY, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE E. EVANS,

        Plaintiff,

  v.                                        Case No. 17-C-1436

JANE DOE, et al.,

        Defendants.

## ORDER DENYING MOTIONS TO CONSOLIDATE

On October 20, 2017, Plaintiff Tommie Evans, who is representing himself and is currently incarcerated, brought two separate lawsuits under 42 U.S.C. § 1983, alleging his constitutional rights were violated. Now before the court are plaintiff's motions to consolidate the cases. For the reasons expressed below, plaintiff's motions will be denied.

## BACKGROUND

Plaintiff alleges that on December 2, 2016, he was escorted from the Restrict Housing Unit to an interview booth for a scheduled attorney visit. The visit took about ninety minutes and after it had concluded, plaintiff notified an officer that he would like to return to his cell but that request

was ignored. After an additional two hours in the interview cell, plaintiff alleges he began having a panic attack and feeling light-headed. He alleges that he began to yell and kick the door, but was unsuccessful. He alleges that after about three or four hours, he lost consciousness. He also alleges that the heating system within the cell was faulty, causing his body temperature to drop. After plaintiff was eventually found, he was taken to a hospital where he was treated for hypothermia, as well as injuries to his head and shoulder.

Because of this incident, plaintiff brought claims of deliberate indifference against the officers he believed were responsible for forgetting about him and causing the injuries. *Evans v. Mahoney*, No. 17-C-1435. The court screened the claims on December 14, 2017, and plaintiff was allowed to proceed on claims of deliberate indifference against two identified and two unidentified officers. The rest of plaintiff's claims were dismissed.

Plaintiff also alleges that on December 7, 2016, he was being transported to the Dane County Jail for a scheduled court appearance. At the time, plaintiff had a medical restriction that allowed him to be handcuffed in front of his body, rather than behind his back, due to a shoulder injury. Despite asserting he had a medical restriction, neither the officer handcuffing him, nor a nurse consulted about his medical restriction, found or recognized the restriction. As a result, plaintiff was handcuffed behind his back, which exacerbated his existing shoulder injury.

In a separate lawsuit, plaintiff brought claims of deliberate indifference against the officer and the nurse he believed failed to recognize his medical restriction and caused him additional pain. *Evans v. Doe*, No. 17-C-1436. On November 29, 2017, the court screened the claim, and plaintiff was allowed to proceed on claims of deliberate indifference against the unidentified officer and nurse.

2

On May 8, 2018, plaintiff filed identical motions in both cases asking for the cases to be consolidated. He argues that although different defendants are named, the cases should be consolidated because the incidents occurred at the same correctional facility and within a similar time frame. He argues the cases should be consolidated because he is a *pro se* litigant and lacks the financial resources necessary to prosecute them separately. He also alleges that although the causes of actions are different, the facts that give rise to the causes of action are identical. On May 9, 2018, the court instructed defendants to raise any objections within ten days. The defendants have not filed any objections to date.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 42(a) states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Thus, I may consolidate actions that are "before the court" and "involve a common question of law or fact." *Id.*; *see also Mutual Life v. Hillmon*, 145 U.S. 285, 292 (1892) (stating that consolidating cases "of like nature and relative to the same question" is within the trial court's discretion); 8 James Wm. Moore, MOORE'S FEDERAL PRACTICE – CIVIL § 42.10 (2018) ("The articulated standard for consolidating two or more cases is simply that they involve 'a common question of law or fact.'"). Additionally, the common question of law or fact does not need to predominate. Rather, I need only find that one exists and that consolidation will prove beneficial. *See* 8 Moore, *supra*, at § 42.10[1][a]. However, I must find at least one common issue of law or fact before I may use discretion to determine whether cases should be consolidated. *Habitat Educ. Ctr., Inc. v. Kimbell*,

3

250 F.R.D. 390, 394 (E.D. Wis. 2008) (citing *King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992) (explaining that a trial court's consolidation decision is subject to review for abuse of discretion); *Enter. Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994) (finding abuse of discretion when consolidation occurred although there was no common issue of law or fact)). Although Rule 42 does not clearly define a "common question of law or fact," other courts have applied the plain meaning of the phrase and found that "a common question is one that must be answered identically in each case in which it is presented." *Id*.

## DISCUSSION

Plaintiff has failed to identify a common question of law or fact between the two cases. The only commonality between cases are the plaintiff and the location of the incidents. The defendants are different. The incidents happened on different days. Thus, the claims arise from different facts. And while it is possible, even likely, that the shoulder injury plaintiff alleges he incurred during the first incident on December 2 is the reason he had the medical restriction during the second incident on December 6, this is not sufficient to establish a common question of law or fact. This is because the original source of plaintiff's shoulder injury is immaterial to his claim that defendants were deliberately indifferent to his medical restriction and caused new pain by handcuffing him behind his back. Simply put, there is no common question that must be answered identically in each of plaintiff's cases.

Moreover, I find that consolidation would not streamline litigation, improve judicial economy, or avoid delay. The cases are separate incidents, separate defendants, and separate facts. Consolidation would not be beneficial to the judiciary process. Rather, consolidating cases would simply transform two straightforward cases into one cumbersome case involving distinct events.

Moreover, the identified defendants in plaintiff's first case would be prejudiced by adding the additional Doe defendants, who still need to be identified. For these reasons, I find plaintiff's motions should be denied.

**IT IS HEREBY ORDERED** that plaintiff's motions to consolidate (ECF No. 31 in Case No. 17-C-1435 and ECF No. 27 in Case No. 17-C-1436) are **DENIED**.

Dated this __24th__ day of May, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court