UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMIE E. EVANS,

    Plaintiff,

v.                                               Case No. 17-C-1435

NATHAN WOLF, et al.,

    Defendants.

## DECISION AND ORDER

The plaintiff Tommie Evans, who is currently incarcerated at Wisconsin Secure Program Facility but was incarcerated at Waupun Correctional Institution at all times relevant to the complaint, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Evans' claims arise from an incident where he was forgotten in an interview cell for several hours after an attorney visit.[1] While he was in the cell, he was handcuffed to the table. Evans alleges that the cell suffered from faulty heating and after several hours he suffered a panic attack and passed out. After he was found, he was transported to a hospital to address injuries to his right shoulder and hypothermia. On November 29, 2017, the court screened Evans' first amended complaint (FAC) pursuant to 28 U.S.C. § 1915A(a)-(b). ECF No. 13. In that order, the court allowed Evans to proceed on claims of deliberate indifference against defendants John Doe, Jane Doe, Mahoney, and Dorn for their actions in the events.

---

[1] For a more detailed explanation of the facts, see the court's screening order of the first amended complaint. ECF No. 13.

Now before the court is Evan's motion for leave to file a second amended complaint (SAC), in which he identifies the John and Jane Doe defendants. Because the court has already screened the factual allegations against the Doe defendants, the court will not re-screen the allegations here. Rather, the court will identify which named defendant corresponds to each Doe defendant.

Evans identifies Bobby Blake as sergeant Jane Doe, who failed to have him moved to his cell after he asked to move him when his attorney visit concluded. Evans identifies Jacob Dorn and Kevin Sonntag as the officers who failed to timely transfer Evans back to his cell. The court notes that in Evans' FAC, he identified Jacob Dorn and Patrick Mahoney as these officers. Because Evans now identifies Kevin Sonntag instead of Patrick Mahoney, the court finds that Sonntag is the proper defendant and Mahoney will be dismissed from the case. Evans identifies Andrew Moungey as the John Doe defendant who refused to allow him food or to shower off the urination still on his body when he returned from the hospital.

The court notes that Evans now seeks to bring a claim for deliberate indifference against Officer Quinn Warner. Because this claim was not in the FAC, it has not been screened. The court must dismiss a claim that a prisoner raises if it is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). Evans alleges that Warner heard Evans yelling and told Dorn and Sonntag about it but that Warner had failed to take any further action to get him out of the cell despite his yelling. In order to state a claim for deliberate indifference to his safety, a prisoner must allege that a prison official "knows of and

2

disregards an excessive risk to inmate heath or safety. . . ." *Pavlick v. Mifflin*, 90 F.3d 205, 208 (7th Cir. 1996). At this stage of the proceedings, Evans has sufficiently stated a claim against Warner.

Additionally, prior to this motion, Evans filed a motion to compel discovery in order to identify his missing Doe defendants. Because Evans has now identified his Doe defendants, the court will deny his motion to compel as moot.

In sum, Evans has sufficiently stated a claim against Defendants Sonntag, Warner, Dorn, Moungey, and Blake. Pursuant to an informal service agreement between this court and the Wisconsin Department of Justice, copies of this second amended complaint will be served on defendants and defendants will have sixty days to file a response. Pursuant to the June 6, 2018 telephonic hearing, discovery and dispositive motions will be due six months after Defendants file their answer to the SAC.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to file a second amended complaint (ECF No. 38) is **GRANTED**. The Clerk is instructed to docket the Second Amended Complaint.

**IT IS FURTHER ORDERED** that plaintiff's claims against Defendant Mahoney is **DISMISSED**.

**IT IS ALSO ORDERED** that plaintiff's motion to compel (ECF No. 37) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDER** that, pursuant to the court's minute order from the June 6, 2018 telephonic hearing, discovery and dispositive motions will be due **six months** after the answer is filed.

**IT IS ALSO ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

**SO ORDERED** this   2nd   day of August, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court